UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN FIDELITY ASSURANCE COMPANY, an Oklahoma corporation, </br></br>　　　Plaintiff, </br></br>v. </br></br>MILDRED M. CORRIGAN et al., </br></br>　　　Defendants. | ) ) ) ) ) ) ) ) Case No. CIV-21-14-G ) ) ) ) ) |

## ORDER

On January 8, 2021, Plaintiff American Fidelity Assurance Company filed this interpleader action against Defendants Mildred Corrigan, Maureen Petrellese, and Mary Fayet. *See* Compl. (Doc. No. 1). Proofs of service were filed on February 3, 2021, indicating that Defendants were served on January 28, 2021 (Ms. Corrigan) and January 25, 2021 (Ms. Petrellese and Ms. Fayet). *See* Doc. Nos. 4, 5, and 6.

Nearly three months passed without any activity in the case. Defendants neither responded to the Complaint nor appear in the action; Plaintiff did not move for entry of default or file a notice of dismissal. Thus, on May 26, 2021, the Court entered an order directing Plaintiff "to show cause in writing . . . [as to] why this action should not be dismissed for failure to prosecute." Order of May 26, 2021 (Doc. No. 7). In response to the Court's order, Plaintiff filed a Status Report advising that the parties "agreed to transfer" the claims at issue in this case to an unspecified court in Arkansas where another, presumably related, case is being litigated. Pl.'s Status Report (Doc No. 8) at 1. Plaintiff requested additional time in which to submit an agreed order to the Court "set[ting] forth

the procedure [the parties] will follow, transfer this case to Arkansas and dismiss the case." *Id.*

By order dated August 2, 2021, the Court advised Plaintiff that "to obtain transferal of this matter to another federal court, [one or both parties] must make such a request by motion." Order of Aug. 2, 2021 (Doc. No. 9) at 1. The Court directed the parties to file such a motion on or before August 9, 2021, and notified them that failure to do so "may result in a dismissal of this action without prejudice." Order of Aug. 2, 2021 (Doc. No. 9). As of this date, the docket has seen no further activity.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action based on the plaintiff's failure to prosecute or comply with the Court's orders. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *see Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute this action or comply with the Court's August 2, 2021 Order leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this

2

action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). Accordingly, this action is DISMISSED WITHOUT PREJUDICE to refiling.

IT IS SO ORDERED this 20th day of August, 2021.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge